**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4879**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TERRANCE L. SMALLS, a/k/a T,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Beaufort.  Sol Blatt, Jr., Senior District
Judge.  (CR-98-322)

Submitted:  April 17, 2006                  Decided:  June 13, 2006

Before WILKINSON, LUTTIG,* and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew J. Savage, III, SAVAGE & SAVAGE, P.A., Charleston, South
Carolina, for Appellant.  Robert Hayden Bickerton, Assistant United
States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

---

*Judge Luttig was a member of the original panel but did not
participate in this decision.  This opinion is filed by a quorum of
the panel pursuant to 28 U.S.C. § 46(d).

PER CURIAM:

Terrance L. Smalls appeals following a remand to the district court for resentencing. After considering the issues raised on appeal, we affirm the sentence imposed by the district court on remand.

Smalls pled guilty to one count of conspiracy to possess with intent to distribute an unspecified quantity of cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (2000) ("Count One") and one count of possession with intent to distribute an unspecified quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) ("Count Two"). Smalls received a sentence of 480 months of imprisonment to be followed by a term of three years' supervised release. Though this court affirmed Smalls' conviction, we concluded that Smalls' sentence violated his Sixth Amendment rights under United States v. Booker, 543 U.S. 220 (2005), because it exceeded the maximum sentence allowable given the facts admitted by him. United States v. Smalls, 134 Fed. Appx. 609, 616, 2005 WL 1395162 (4th Cir. 2005) (unpublished). Therefore, we vacated Smalls' sentence and remanded for resentencing.

On remand, the district court received a revised presentence report and held a new sentencing hearing. The presentence report found over 1.5 kilograms of cocaine base attributable to Smalls and that the murder of Audrey Stoeckle was part of and in furtherance of the underlying conspiracy; thus,

- 2 -

Smalls' advisory guidelines range was life imprisonment. United States Sentencing Guidelines §§ 2A1.1, 2D1.1(c), 2D1.1(d)(1), & Ch. 5, Pt. A (Sentencing Table) (2003) ("USSG"). However, because neither count specifically stated a drug quantity, sentencing under both counts was capped by the applicable statutory maximum of twenty years' imprisonment. 21 U.S.C. § 841(b)(1)(C) (2000). Given that the highest statutory maximum was lower than the guidelines' punishment, the presentence report employed USSG § 5G1.2(d) (2003) to impose consecutive terms of imprisonment.

At sentencing, Smalls challenged the legality of his stipulation to a specific quantity of cocaine base in light of the fact that the indictment stated no such quantity. Smalls contended such a stipulation was illegal because it triggered a statutory provision with a ten-year mandatory minimum term of imprisonment and a maximum of life imprisonment. After hearing argument from Smalls, his attorney, and the Government, the district court concluded that the resentencing hearing was not the appropriate forum for resolving Smalls' contention. The court sentenced Smalls to a total of 480 months' imprisonment, which consisted of two consecutive 240-month sentences, to be followed by three years of supervised release, and a $200 special assessment. Smalls appealed his sentence; his attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising four issues. Smalls

was notified of his right to file a pro se supplemental brief but declined to do so.

Smalls first argues the district court violated his due process rights in sentencing him based upon facts determined by a preponderance of the evidence. As Smalls did not raise this argument to the district court, this court reviews for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005); United States v. Martinez, 277 F.3d 517, 524 (4th Cir. 2002). Under the plain error standard, Smalls must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993). When these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks omitted). The burden of showing plain error is on the defendant. United States v. Strickland, 245 F.3d 368, 379-80 (4th Cir. 2001).

After the Supreme Court's decision in Booker, a sentencing court must still calculate and consider the guideline range, as well as consider the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005). United States v. Green, 436 F.3d 449, 455-56 (4th Cir. 2006); Hughes, 401 F.3d at 546. Further, sentencing courts are not obligated, post-Booker, to determine enhancements by a higher standard. See Hughes, 401 F.3d

at 546 (consistent with the <u>Booker</u> remedial scheme, "a district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines"); <u>see also</u> <u>United States v. Mares</u>, 402 F.3d 511, 519 (5th Cir.) ("[t]he sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence"), <u>cert. denied</u>, 126 S. Ct. 43 (2005); <u>McReynolds v. United States</u>, 397 F.3d 479, 481 (7th Cir.) (explaining that "[t]he remedial portion of <u>Booker</u> held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence. . . ."), <u>cert. denied</u>, 125 S. Ct. 2559 (2005). Accordingly, this claim fails.

Smalls next argues the district court erred in considering the stipulation contained in his plea agreement as to the quantity of cocaine base attributable to him because that stipulation was illegal, involuntary, and unknowingly. Because Smalls raised this issue at sentencing, we review the district court's factual findings for clear error and its related legal conclusions, including the application of the sentencing guidelines, de novo. <u>Green</u>, 436 F.3d at 456.

While Smalls did in fact stipulate that he was personally responsible for over 500 grams but less than 1.5 kilograms of cocaine base, the district court had no cause to rely on this

stipulation in sentencing Smalls.  The presentence report presented a thorough and detailed basis for its determination that over 1.5 kilograms of cocaine base were attributable to Smalls.  Further, the quantity issue ultimately had no impact on Smalls' sentence as the murder cross-reference raised Smalls' total offense level to forty-three.  USSG §§ 2A1.1 & 2D1.1(d)(1).  Accordingly, Smalls' claim lacks merit because there is no support for his contention that the district court relied on this stipulation in determining Smalls' sentence.

Smalls' third assignment of error relates to the district court's imposition of consecutive sentences.  Because Smalls did not raise this issue below, we review for plain error.  Hughes, 401 F.3d at 547; Martinez, 277 F.3d at 524.  The district court committed no error in imposing consecutive sentences.  The application of the murder cross-reference raised Smalls' offense level to forty-three.  USSG § 2A1.1.  This, coupled with the corrected criminal history category of II, yielded a sentencing range of life imprisonment.  USSG Ch. 5, Pt. A (Sentencing Table).  However, because of the twenty-year statutory maximums applicable to these offenses, the court could not impose a life sentence.  Given that the guidelines' punishment was less than the statutory maximum, USSG § 5G1.2(d) required that the court impose consecutive sentences.  There was no error in applying this guideline to impose consecutive sentences.  See United States v. White, 238 F.3d 537,

543 (4th Cir. 2001) (holding, in a factually analogous situation, that the district court "would have been obligated" to impose consecutive sentences to achieve "the total punishment mandated by the guidelines").

Smalls' last argument, also raised for the first time on appeal, is that the district court erred in applying the murder cross-reference because Ms. Stoeckle's murder should not have been considered conduct relevant to Count Two.  Because Smalls did not raise this claim below, we review for plain error.  Hughes, 401 F.3d at 547; Martinez, 277 F.3d at 524.

In his brief, Smalls concedes that the district court grouped Counts One and Two pursuant to USSG § 3D1.2(d) (2003).  For offenses grouped under USSG § 3D1.2(d), relevant conduct is broadly defined to include "all acts and omissions described in subdivisions (1)(A) and (1)(B) above that were part of the same course of conduct or common scheme or plan as the offense of conviction."   USSG § 1B1.3(a)(2) (2003).   This includes "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity."   USSG § 1B1.3(a)(1)(B) (2003).

Given that the court grouped Counts One and Two, there is simply no support for Smalls' contention that Ms. Stoeckle's murder was considered relevant conduct only as to Count Two.   The indictment stated the relevant time frame for Count One as January

- 7 -

1, 1992 to July 31, 1998. Smalls and his co-defendant murdered Ms. Stoeckle in July 1994 because they believed she was a law enforcement informant. Smalls admitted driving with his co-defendant to the site of Ms. Stoeckle's murder, shooting his firearm into the ground near her several times, and that one of those shots could have hit Ms. Stoeckle. Ms. Stoeckle's murder — committed to silence a suspected informant — was a reasonably foreseeable event in furtherance of the conspiracy that occurred within the time frame alleged for the conspiracy. Thus, the application of the murder cross-reference was appropriate.

For the foregoing reasons, we affirm Smalls' sentence. We have, as required by <u>Anders</u>, reviewed the record and have found no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>